**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **SHAKIA L. SCOTT** | * | |
| 4502 Simms Avenue | * | |
| Baltimore, Maryland 21206 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **MARYLAND DEPARTMENT OF** | * | |
| **OF PUBLIC SAFETY AND** | * | |
| **CORRECTIONAL SERVICES** | * | Civil Case No.: |
| Hampton Plaza, | * | |
| 300 East Joppa Road, | * | |
| Suite 1000, | * | |
| Towson, MD 21286 | * | |
| | * | |
| Served on: | * | |
| Stuart M. Nathan, Principal Counsel | * | |
| 115 Sudbrook Lane | * | |
| Suite A | * | |
| Pikesville, Maryland 21208 | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT & JURY DEMAND**

Plaintiff Shakia Scott (herein after "Plaintiff" or "Ms. Scott"), as an individual, complains and alleges as follows:

**I.  PRELIMINARY STATEMENT**

1.      This action for declaratory, monetary and other appropriate relief is brought by plaintiffs to redress intentional violations by defendant of rights secured to the plaintiff by the laws of the United States and the statutory and common law of the State of Maryland.  This action arises under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Sections 2000e et seq., ("Title VII").

## II. PARTIES

2.      Ms. Scott is a natural person, an African American woman who resides in Baltimore City in the State of Maryland.  At all times relevant hereto Ms. Scott was an employee of defendant, working as a correctional officer at Baltimore City Detention Center.

3.      Defendant, Maryland Department of Public Safety and Correctional Services, (hereinafter referred to as "Defendant" or "DPSCS"), at all times relevant hereto, is a Maryland state agency responsible for the operations of Maryland correctional facilities and institutions.

## III. JURISDICTION

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 1132(e), all of which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

## IV. VENUE

5.      Venue is proper in this district under 28 U.S.C. *§1391(a) (2),* and *§1391(b) (2)* because Defendants are located in this district and the events or omissions giving rise to this claim occurred in this district.  Also, venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district, the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff timely filed charges of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and or the Maryland Commission on Civil Rights ("MCCR").  Plaintiff files this complaint within (ninety) 90 days after receiving a notice

of the right to sue from the EEOC.   Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

## VI. FACTUAL ALLEGATIONS

7.     On or about April 27, 2011, Defendant employed Plaintiff as a correctional officer, at the Baltimore City Detention Center.  Plaintiff has performed her job commendably, if not, satisfactorily.

8.     Sometime in August 2011, Plaintiff was approached by her supervisor Lieutenant Davis, ["Lt. Davis"] who made a remark to Plaintiff that Plaintiff reminded Lt. Davis of his, Lt. Davis' "baby mother" and that "we should make kids together".    Lt. Davis was the supervisor for the building where Plaintiff was regularly assigned.  Plaintiff was taken aback and offended by Lt. Davis remarks.  Plaintiff told Lt. Davis that Plaintiff was not interested in him and was offended by his remarks.

9.     However, after August 2011, Lt. Davis continued to make sexually suggestive remarks or comments to Plaintiff, whenever Lt. Davis saw Plaintiff during work.   These comments included that Plaintiff looked liked "my baby mother", that he wanted to "make a baby" with Plaintiff, that Plaintiff was "thick and light skin", and other sexually harassing remarks. Consequently, in late 2011, Plaintiff reported Lt. Davis' actions to Captain Redd. However, Captain Redd remarked that "he is not touching you" and therefore Plaintiff should not, "worry about it."

10.     After reporting Lt. Davis' actions to Captain Redd, Lt. Davis began taking actions against Plaintiff that hampered and negatively impacted Plaintiff's ability to effectively perform her job as a correctional officer.  Although, Lt. Davis was Plaintiff's supervisor, Lt. Davis would refuse Plaintiff's request for work assistance, refuse to take work related information from

Plaintiff and follow up with inmate issues reported by Plaintiff. As a result, Plaintiff began documenting Lt. Davis' actions in the officers log book.  When Lt. Davis found out that Plaintiff was documenting his actions, Lt. Davis began calling Plaintiff a "snitch".  Plaintiff reported this to Captain Redd, however Captain Redd claimed that Lt. Davis was joking.

11.    On April 12, 2012, while working in the building supervised by Lt. Davis, Plaintiff made a verbal report to Lt. Davis about a missing water cooler used by inmates. In response, Lt. Davis became very loud and aggressive in dismissing Plaintiff's report about the missing water cooler.  Lt. Davis began using curse and abusive words to Plaintiff about her reporting, as he invaded Plaintiff's personal space, forcing Plaintiff to adjust her sitting position. As the incident was taking place in the clinic, in the presence of inmates, Plaintiff tried to focus on her duty to highlight the inmates who were in the clinic.  However, Lt. Davis maintained his aggressive posture and move closer to Plaintiff. Lt. Davis position himself in a manner where is lower body was touching and pressing on the right side of the desk Plaintiff was sitting at, and his chest area was pressing on Plaintiff right arm.  Lt. Davis then leaned over and whispered in Plaintiff's right ear that he liked seeing Plaintiff "angry" and that: "I did not sleep with you last night and put marks of passion on you, so don't get sassy because I could have." While whispering into Plaintiff's ear, Lt. Davis placed his lips on Plaintiff's right ear lobe.

12.    Plaintiff instinctively reacted with using her right hand to shield her right ear and instructing Lt. Davis to move away.  Plaintiff told Lt. Davis that he was "very disrespectful and violating me as a woman."  In response, Lt. Davis became more verbally aggressive, claimed that Plaintiff "was the disrespectful one" and the he can "lean on whoever and whatever to talk, that's how I talk I have the right to do that."

13.     Plaintiff then called Captain Hickson, the shift commander, and advised Captain Hickson that Plaintiff needed to report an incident.  Captain Hickson then directed Plaintiff to report to the duty captain's office.  When Plaintiff arrived at the duty captain office, Lt. Davis, with arms folded across his chest and a stern look, was present with Captain Hickson.  Lt. Davis then tried to stop Plaintiff from speaking directly to Captain Hickson about the incident. However, Captain Hickson intervened and directed Plaintiff to go into the break room with Lt. Davis and "talk in the break room before we talk about writing." Plaintiff refused to go in the break room and talk with Lt. Davis because Plaintiff was fearful and upset. However, Captain Hickson continued his attempts to get Plaintiff to go into the break room with Lt. Davis to talk, saying: "some people may do things jokingly".

14.     Consequently, Plaintiff began walking away, toward the major's office where Plaintiff observed other superior officers present. Plaintiff entered the major's office and requested to speak to Lt. Burke about going home sick due to the sickening effect of the incident on Plaintiff.  However, Plaintiff was told by her superiors to dry her tears and calm down.  After Plaintiff described the incident to the superior officers, Plaintiff was directed to document the incident on the "Matter of Record – Information Report".

15.     As Plaintiff began writing up the incident on the Matter of Record, Plaintiff was called by Captain Hickson into the duty captain's office and directed to return to the building supervised by Lt. Davis, albeit at a different post. Captain Hickson also made a loud remark in front of other offices that he wanted to talk to Plaintiff at "1400hrs", and "would need another person in the room because [he's] not trying to lose [his] bars on [his] chest that [he] just got." When Plaintiff met with Captain Hickson at about 1400hrs, Captain Hickson demanded Plaintiff's Matter of Record, and insisted that Plaintiff provide the Matter of Record regarding

the incident, although Captain Hickson had interrupted Plaintiff's writing of the Matter of Records, and Plaintiff had twenty four (24) hours to complete the Matter of Record.

16.     After Plaintiff reported Lt. Davis sexual harassment on the Matter of Record, Defendant, through its employees, agents, and representatives, subjected Plaintiff to a series and pattern of employment actions that adversely affected Plaintiff's employment conditions. Plaintiff's superiors began denying Plaintiff's request for help, Plaintiff was assigned to security posts by herself, although these post assignment are usually staffed with two officers; Plaintiff was subjected constant open remarks by supervisors telling officers to be careful around Plaintiff because of Plaintiff's reporting on Lt. Davis; Plaintiff was denied requested days off, Plaintiff's request for a change of shift was denied, and Plaintiff was singled out and labeled as a "snitch" by some of Plaintiff's superiors.

## VII. COUNT I
### Sexual Harassment/Hostile Work Environment

17.     Plaintiff repeats and realleges by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

18.     Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful sex discrimination by subjecting Plaintiff to unwelcomed sexual harassment, in violation of Title VII.

19.     The above-described unwelcomed sexual harassment created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional well-being.

20.     Defendant at all times relevant hereto had actual and constructive knowledge of the conduct of Lt. Davis, described herein.

21.     As a result of the hostile and offensive work environment perpetrated by Defendant, and Defendant's failure to protect Plaintiff from further harassment, Plaintiff suffered severe emotional distress, and lost a good amount of time from work.

22.     Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Lt. Davis and Plaintiff's superiors who condoned Lt. Davis' actions.

23.     Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future.

24.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant, has engaged in other discriminatory practices against her which are not yet fully known.  At such time as said discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

25.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and will continue to incur medical expenses for treatment by psychotherapists and other health professionals, and for other incidental expenses; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## VII. COUNT TWO
## RETALIATION

26.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as though fully set forth herein.

27.     As herein alleged, Defendant illegally retaliated against Plaintiff by subjecting Plaintiff to isolation, unreasonable and dangerous assignments without a backup officer, denial of Plaintiff's request for a change of shift, denial of Plaintiff's leave request, and labeling Plaintiff as a "snitch" and someone to be avoided, solely because she had reported sexual harassment of herself. Defendant had no legitimate business reasons for any of such acts.  Each of said acts of retaliation is in violation of Title VII.

28.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination and retaliation against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court enter judgment in Plaintiff's favor and grant Plaintiff the maximum relief allowed by law, including, but not limited to;

(b)     loss wages;

(c)     compensatory and punitive damages; and,

(d)     attorneys' fees, costs pre- and post-judgment interest, and such other relief as are just and equitable under the circumstances.

## IX. JURY DEMAND

Plaintiff requests a trial by jury on all issues.

Respectfully Submitted,

*/s/ George A. Rose*

_____
George A. Rose, Esq.

Rose Law Firm, LLC
200 E. Lexington Street, Suite 800
Baltimore, MD.  21202
Telephone #: 410-727-7555
Facsimile #: 443-320-0962
Email: grose@roselawfirm.net

Attorney for Plaintiff